**Esmat NARCHI; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–73763.

Agency Nos. A28–958–784, A28–958–785.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.\*\*

Decided Nov. 13, 2003.

Esmat Narchi, Glendale, CA, Galawazh Nasser Mostofi, Anaheim Hills, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, David V. Bernal, Attorney, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

\* John Ashcroft, Attorney General, is the proper respondent. The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

### MEMORANDUM***

Esmat Narchi and her adult daughter Galawazh Nasser Mostofi, natives and citizens of Iran, petition pro se for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen deportation proceedings to reapply for asylum. Because the transitional rules apply, see *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for abuse of discretion the denial of a motion to reopen, *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002), and deny the petition for review.

The BIA did not abuse its discretion by denying petitioners' untimely motion to reopen because the evidence supporting the motion did not establish prima facie eligibility for asylum based upon changed country conditions. See 8 C.F.R. § 3.2(c)(3)(ii). Petitioners' contention that conditions for Iranians of Kurdish origin have worsened is not supported by the State Department country report provided with their motion. Petitioners further alleged that five members of their extended family have been jailed or arrested and then mistreated because they are Kurds, but they provided no details about the timing or circumstances of these events. Petitioners therefore failed to establish a well-founded fear of persecution based on their Kurdish origin. See *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (to establish prima facie eligibility for asylum, alien must adduce "credible, direct, and

specific evidence … that would support a reasonable fear of persecution") (internal quotation omitted). Accordingly, the BIA did not abuse its discretion by denying the motion to reopen. See *INS v. Abudu*, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (the BIA may deny a motion to reopen if "the movant has not established a prima facie case for the underlying substantive relief sought").[1]

### PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Moreover, 8 C.F.R. § 208.4(a)(4)(i)(C), which provides an extension of the one-year deadline for filing an asylum application, does

not apply to the untimely motion to reopen at issue here.

